UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARABIA WHITFIELD, ET AL.                      CIVIL ACTION

VERSUS                                         NO. 09-1877

WARREN RILEY, ET AL.                           SECTION "N" (2)

# **O R D E R and R E A S O N S**

Before the Court is the Defendants' Motion to Stay (Rec. Doc. 6), which is opposed by Plaintiffs. The Defendants claim that this suit, brought pursuant to 42 U.S.C. § 1983 and arising out of the fatal shooting of Adolph Grimes by officers of the New Orleans Police Department on January 1, 2009, should be stayed pending the final outcome of possible criminal proceedings.

A court's authority includes the "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982); *Bugay v. McCain*, 2008 WL 2782869 at *1 (E.D. La. 2008). Defendants cite to *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), for the proposition that administrative policy gives precedence to the public interest in law enforcement when parallel civil and criminal proceedings are pending. However, in *Campbell*, that interest was only relevant because the civil plaintiff filed the proceeding to obtain discovery that he would not otherwise be entitled to as a

criminal defendant, in a case where a criminal proceeding was clearly imminent. *See id.* at 487-88 ("A taxpayer about to be indicted for fraud carries a heavy burden when he asks to inspect the Government's criminal files containing reports especially prepared with criminal prosecution in mind. We are not talking about some vague suspicions that might in the future lead to a criminal charge. We are talking about a case the Department of Justice has decided should be instituted . . .") Obviously, this is not the case in the instant suit, since Plaintiffs are not the possible targets of a criminal proceeding, nor has a showing been made that criminal proceedings are imminent in any event. And in general, the rule is that parallel civil and criminal proceedings are not objectionable in the absence of substantial prejudice to the rights of the parties involved. *See United States v. Kordel*, 397 U.S. 1, 11 (1970); *Standard Sanitary Manufacturing Co. v. United States*, 226 U.S. 20, 52, (1912); *S.E.C. v. First Fin. Group of Texas*, 659 F.2d 660, 667 (5th Cir. 1981).[1] In this case, some Defendants may be able to show that some individual discovery request substantially prejudices their rights, but there has been no showing that the proceeding as a whole does so. Accordingly, the motion is **DENIED**.

New Orleans, Louisiana, this 6th day of May, 2009.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[1] In the cases cited, the civil cause of action was lodged in a federal agency also charged with enforcing that section of the criminal code. In this case, the civil cause of action is lodged in private persons, who act as "private attorneys general" for purposes of enforcing fundamental constitutional rights under Section 1983. *See Riddell v. National Democratic Party*, 624 F.2d 539, 543 (5th Cir. 1980). The Court has no cause to determine that the reasoning of these cases is inapplicable to the instant one because of that difference.