UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARABIA WHITFIELD, *et al.*                                    CIVIL ACTION

VERSUS                                                         NO. 09-1877 c/w
                                                                      09-8074
WARREN RILEY, *et al.*
                                                               SECTION M (2)

## ORDER & REASONS

Before the Court is the motion *in limine* of defendants Warren Riley, Joseph Meisch, Daniel Scanlan, Greg Lapin, Steven Keller, Marcellus White, Julio Alonzo, Larisa Austin, Regina Barr, Colette Booth, and the City of New Orleans (together, "Defendants") to exclude the expert testimony and reports of Steven Howard and John G. Peters, Jr.[1] Plaintiff Arabia Whitifeld, individually and on behalf of her minor son, opposes the motion.[2] Defendants reply in further support of their motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion to exclude Howard and Peters as experts, but clarifying the permitted scope of their testimony.

**I.   BACKGROUND**

This case arises from the fatal police shooting of Adolph Grimes, III in the early-morning hours of January 1, 2009. Whitfield alleges that "[d]efendants were negligent in their acts of participation in the brutal and senseless killing of Adolph Grimes, III, due to lack of training, lack of supervision, failure to follow policies and procedures of the New Orleans Police Department, and failure to uphold the rights entitled to Adolph Grimes, III under the United States

---

[1] R. Doc. 125.
[2] R. Doc. 136.
[3] R. Doc. 144.

Constitution."[4] Whitfield offers Howard as an expert in ballistics and Peters as an expert in police procedures.[5]

## II. PENDING MOTION

Defendants argue that Howard's report is closing argument masquerading as an expert report.[6] They contend that he "makes a series of statements throughout his report that are subjective beliefs, unsupported speculation or statements directly contradicted by established facts, and ultimate conclusions of fact for the jury."[7] How Grimes could or could not function after receiving individual wounds, Defendants argue, should be analyzed by a medical doctor, not a ballistics expert.[8] They say that mere speculation supports Howard's conclusion that gunshot residue must have been transferred onto Grimes.[9] In opposition, Whitfield argues that Howard's "hyper specialized education, training, and expertise relating to firearms, their making, ammunition, gunshot residue, ballistics, shooting reconstruction, bullet trajectory analysis, and evidence collection" make him qualified to render an opinion in this case.[10] Critiques of his report, she says, should go to the weight, not the admissibility of his testimony.[11]

Defendants assert that Peters also draws improper factual and legal conclusions.[12] Additionally, they argue that his report is flawed because it relies on insufficient facts and data, specifically because Peters only reviewed one deposition in preparing his report.[13] They contend that whether the officers were engaged in surveillance or stop-and-frisk activity is a determination

---

[4] R. Doc. 88 at 3.
[5] R. Doc. 118 at 4.
[6] R. Doc. 125-1 at 7.
[7] *Id.*
[8] *Id.* at 8-10.
[9] *Id.* at 10.
[10] R. Doc. 136 at 19 (emphasis omitted).
[11] *Id.* at 20.
[12] R. Doc. 125-1 at 11.
[13] *Id.* at 11-12.

that should be left to the factfinder.[14] In opposition, Whitfield argues that Peters's qualifications enable him to render an opinion on whether the shooting was the product of a surveillance operation.[15] She also points out that Defendants have not shown that discovery (specifically, all depositions) must be completed before an expert report can be submitted.[16]

### III.   LAW & ANALYSIS

#### A. *Daubert* Standard

A district court has discretion to admit or exclude expert testimony under the Federal Rules of Evidence. *General Elec. Co. v. Joiner*, 522 U.S. 136, 139 (1997). In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), the Supreme Court held that Rule 702 requires a district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The reliability inquiry requires a court to assess whether the reasoning or methodology underlying the expert's testimony is valid. *See Daubert*, 509 U.S. at 592-93. In *Daubert*, the Supreme Court listed several non-exclusive factors for a court to consider in assessing reliability: (1) whether the theory has been tested; (2) whether the theory has been subjected to peer review

---

[14] *Id.* at 14.
[15] R. Doc. 136 at 5-6.
[16] *Id.* at 6-7.

and publication; (3) the known or potential rate of error; and (4) the general acceptance of the methodology in the scientific community. *Id.* at 593-95. However, a court's evaluation of the reliability of expert testimony is flexible because "[t]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) (quotations omitted). In sum, the district court must ensure "that an expert, whether basing testimony upon professional studies or personal experiences, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. The party offering the testimony must establish its reliability by a preponderance of the evidence. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

Next, the district court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will assist the trier of fact to understand the evidence, *i.e.*, whether it is relevant. *Daubert*, 509 U.S. at 591. An expert's testimony is not relevant and may be excluded if it is directed to an issue that is "well within the common sense understanding of jurors and requires no expert testimony." *Vogler v. Blackmore*, 352 F.3d 150, 155 (5th Cir. 2003).

**B. Analysis**

   **1. Steven Howard**

Howard is an attorney as well as a consultant in the field of weaponry.[17] He has been recognized as an expert in shooting reconstruction, ballistics, firearms and ammunition identification, and gunshot residue testing and cross contamination.[18] In an unsworn statement,

---

[17] R. Doc. 136-18 at 26-28.
[18] *Id.* at 35-37.

Howard attests that he has been "qualified in courts as an expert in firearms and has never been excluded as an expert in firearms."[19]

Rule 702 requires that an expert be properly qualified. Generally, if there is some reasonable indication of qualifications, the district court may admit the expert's testimony, and then the expert's qualifications become an issue for the trier of fact. *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 507 (5th Cir. 1999), *superseded in part by statute on other grounds as noted in Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020). A witness qualified as an expert is not strictly confined to his area or practice but may testify regarding related applications; a lack of specialization goes to the weight, not the admissibility of the opinion. *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 753 F. App'x 191, 195-96 (5th Cir. 2018).

There is some reasonable indication of Howard's qualifications in the fields of firearms and gunshot residue. Howard can appropriately state his opinion in these subject areas. However, he cannot opine in areas outside of his qualifications. Most significantly, Howard cannot make medical conclusions. For example, the statements that "Both of these [gunshot] hit [*sic*] to the front of the Deceased's body would have almost certainly either killed or rendered him incapacitated immediately," and "Certainly the gunshot wound to the forehead would have caused him to collapse immediately," fall outside the ambit of Howard's expertise in weaponry.[20] Howard cannot assist the jury in understanding issues that are outside the purview of his experience and qualifications, and at trial, he will not be permitted to do so.

An expert cannot make "legal conclusions reserved for the court," credit or discredit witness testimony, or "otherwise make factual determinations reserved for the trier of fact."

---

[19] R. Doc. 136-19 at 1.
[20] R. Doc. 136-18 at 8.

*Highland Cap. Mgmt., L.P. v. Bank of Am., N.A.*, 574 F. App'x 486, 491 (5th Cir. 2014). "[A]lthough the expert's opinion may 'embrace' the ultimate issue, the expert should not apply the law to the facts, effectively advising the jury how to vote." Michael R. Fontham, Trial Technique and Evidence § 8-6, at 391 (1995). Howard must not make credibility evaluations of witnesses. For example, in his report, Howard states that "the officers involved are not being truthful,"[21] "[t]he police attempt to cover this up,"[22] and "[t]hese last two facts were clearly done to hide the evidence from witnesses."[23] Such speculative accusations cannot be made at trial. The factfinder must ultimately decide who to credit in their deliberations.

Howard also makes improper conclusions about the practices of the NOPD. For instance, Howard, as a ballistics expert, cannot state with the appearance of factual certainty that "[m]uch of the evidence in this case has been lost, or intentionally destroyed."[24] Additionally, in another section, he concludes that "[t]his suggests that the police placed the blood there themselves after the firearm was found in the Deceased's car."[25] Howard cannot use unfettered speculation as a tool for persuasion in this case. While his testimony will be permitted at trial, the Court notes that Howard should be placed on notice of his proper role – an expert lending his qualifications to assist the jury in its understanding of firearms and gunshot residue.

**2. John G. Peters, Jr.**

Like Howard, Peters cannot make legal conclusions reserved for the court, credit or discredit witness testimony, or otherwise make factual determinations reserved for the trier of fact. The Court reads Peters's expert report as reciting the predicate facts upon which he relied when

---

[21] *Id.* at 10.
[22] *Id.* at 11.
[23] *Id.* at 15.
[24] *Id.* at 6.
[25] *Id.* at 9.

forming his conclusions, rather than recommending how the trier of fact should resolve any disputed facts. *See* Fed. R. Evid. 702(b) (an expert may testify in the form of an opinion if "the testimony is based on sufficient facts or data"); *id.* 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."). Therefore, Defendants' rationale for exclusion – selective reference to facts – is not a valid basis to strike his testimony.

Similarly, that Peters relied on only one deposition instead of the multitude available in this case is not a proper basis for striking his testimony. This is not a case where "'the source upon which an expert's opinion relies is of such little weight that the jury should not be permitted to receive that opinion.'" *Jacked Up, L.L.C. v. Sara Lee Corp.*, 807 F. App'x 344, 348 (5th Cir. 2020) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). As the gatekeeper, a district judge must "extract evidence tainted by farce or fiction. Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all." *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996). In the case at bar, reliance on evidence in the case, although not the entire scope of evidence, is a far cry from a fictitious set of facts. "Generally, the fact-finder is entitled to hear an expert's testimony and decide whether the predicate facts on which the expert relied are accurate. At the same time, however, expert testimony that relies on completely unsubstantiated factual assertions is inadmissible." *Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 515 (5th Cir. 2013) (internal quotation marks, alterations, and citations omitted). Ultimately, the expert must "'bring to the jury more than the lawyers can offer in argument.'" *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (quoting *In re Air Crash Disaster at New Orleans, La.*, 795 F.2d 1230, 1233 (5th Cir. 1986)). Peters's decision to rely on a limited scope of evidence may be emphasized before the jury on cross-examination. *See*

JOSEPH W. COTCHETT & G. RICHARD POEHNER, FEDERAL COURTROOM EVIDENCE § 702, at 19-9 (5th ed. 2020) ("When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts.  The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believe one version of the facts and not the other.").  The proper arena for challenging an expert's choice of predicate facts is cross-examination.

### IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion *in limine* of defendants Warren Riley, Joseph Meisch, Daniel Scanlan, Greg Lapin, Steven Keller, Marcellus White, Julio Alonzo, Larisa Austin, Regina Barr, Colette Booth, and the City of New Orleans (together, "Defendants") to exclude the testimony and reports of Steven Howard and John G. Peters, Jr (R. Doc. 125) is DENIED.

New Orleans, Louisiana, this 21st day of April, 2021.

                                                                  _____
                                                                  BARRY W. ASHE
                                                                  UNITED STATES DISTRICT JUDGE