UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARABIA WHITFIELD, *et al.*　　　　　　　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　　　　NO. 09-1877 c/w
　　　　　　　　　　　　　　　　　　　　　　　　　　09-8074
WARREN RILEY, *et al.*

　　　　　　　　　　　　　　　　　　　　　　　　SECTION M (2)

**ORDER & REASONS**

　　Before the Court is plaintiff Arabia Whitfield's motion for counsel to be entitled to verbal voir dire for at least 45 minutes per attorney (R. Doc. 165),

　　IT IS ORDERED that the motion is DENIED.

　　Rule 47(a) of the Federal Rules of Civil Procedure dictates that "[t]he court may permit the parties or their attorneys to examine prospective jurors or may itself do so." Under this rule, "the content of jury voir dire is in the trial court's discretion." *Lewis v. Holden*, 821 F.2d 291, 294 (5th Cir. 1987). "The district court has broad discretion in determining how best to conduct voir dire and in deciding whether to excuse a juror." *United States v. Greer*, 968 F.2d 433, 435 (5th Cir. 1992). "The court need not allow the attorneys to question jurors if it does not wish to do so." 9B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2482 (3d ed. 2008). "Our experience convinces us that the conduct of the voir dire examination by the district court is the most efficient and effective way to assure an impartial jury and evenhanded administration of justice." *Hicks v. Mickelson*, 835 F.2d 721, 726 (8th Cir. 1987). Accordingly, the Court will conduct voir dire in this proceeding. However, the Court does note that the parties will have the opportunity to submit proposed voir dire questions and objections to such questions before trial which the Court will consider in preparing its examination.

New Orleans, Louisiana, this 25th day of May, 2021.

                                                                _____
                                                                BARRY W. ASHE
                                                                UNITED STATES DISTRICT JUDGE