UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARABIA WHITFIELD, *et al.* | CIVIL ACTION |
| VERSUS | NO. 09-1877 c/w 09-8074 |
| | PERTAINS TO 09-1877 |
| WARREN RILEY, *et al.* | |
| | SECTION M (2) |

### ORDER & REASONS

Before the Court is the motion *in limine* of plaintiff Arabia Whitfield to admit a mannequin depicting the trajectory of bullets fired into Adolph Grimes, III.[1] Defendants Warren Riley, Joseph Meisch, Daniel Scanlan, Greg Lapin, Steven Keller, Marcellus White, Julio Alonzo, Larisa Austin, Regina Barr, Colette Booth, and the City of New Orleans (collectively, the "Defendants") oppose the motion.[2] Whitfield replies in further support of her motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion.

### I. BACKGROUND

This case arises from the fatal police shooting of Grimes in the early-morning hours of January 1, 2009. Whitfield's shooting reconstruction expert, Steven Howard, created a mannequin to show the trajectory of bullets fired into Grimes.[4] Howard inserted wooden rods into the mannequin to depict the trajectory and entrance and exit wounds of each bullet fired into Grimes.[5] Whitfield's expert pathologist, Dr. Francisco Diaz, submitted an unsworn statement made under

---

[1] R. Doc. 177.
[2] R. Doc. 220.
[3] R. Doc. 246.
[4] R. Docs. 177 at 1; 177-5.
[5] R. Doc. 177-5.

penalty of perjury that the "mannequin demonstrative aid is accurate, and it will assist the jury to understand the gunshot wounds Adolph Grimes, III sustained."[6]

## II.     PENDING MOTION

Whitfield argues that the mannequin is essential as it will "greatly aid the jury in understanding the highly technical and fact-intensive nature of this matter."[7]  She notes that the exhibit need not be completely accurate to be admitted and its admission is largely within the discretion of the district court judge.[8]  Whitfield explains that the mannequin was created based on "the Coroner's report, the Coroner's photographs of Mr. Grimes' injuries taken at his autopsy, the testimony of the officers and witnesses, and the expert opinion of" Howard.[9]  Finally, Whitfield emphasizes that Diaz, a medical professional, has verified the mannequin's accuracy and reliability.[10]

In opposition, Defendants argue that this motion is premature because the foundation for the evidence must be laid at trial and the Court needs to examine the construction of the mannequin in person before it can rule on the motion.[11]  Defendants contend that Whitfield is offering the mannequin "to prove disputed facts, namely, the hotly contested issue of the trajectories of the bullets fired by Defendant Officers."[12]  Because this is a disputed fact and not merely a general scientific principle, Defendants say that the "substantial similarity" test used for replicated experiments must be applied.[13]  Ultimately, the Defendants argue that the mannequin should be

---

[6] R. Doc. 177-4.
[7] R. Doc. 177-1 at 1.
[8] *Id.* at 4-5.
[9] *Id.* at 6.
[10] *Id.* at 9.
[11] R. Doc. 220 at 1.  Whitfield offers "to provide the Court with the physical mannequin before trial at the Court's behest, and this Court may defer his judgment until he has had an opportunity to view the mannequin."  R. Doc. 246 at 1.
[12] R. Doc. 220 at 3.
[13] *Id.* at 2-4.

excluded under Rule 403 because it can be manipulated and is merely cumulative of the coroner's photographs depicting the trajectories of the bullets.[14]

### III. LAW & ANALYSIS

"The admissibility of demonstrative evidence is largely within the discretion of the trial judge, and his exercise of that discretion will not be upset 'unless there is no competent evidence in the record to support it." *Wright v. Redman Mobile Homes, Inc.*, 541 F.2d 1096, 1097-98 (5th Cir. 1976) (quotation omitted). However, "[e]ven where expert witnesses create the demonstrative simulations, models, or mock-ups they propose to use to help illustrate their testimony, courts must nonetheless carefully examine such materials to insure their reliability and probative value." *Estate of Jaquez v. Flores*, 2016 WL 1060841, at *10 (S.D.N.Y. Mar. 17, 2016).

"Mannequins, for example, can be used to demonstrate a variety of relevant facts, including injuries or the trajectories of bullets." 3 BARBARA E. BERGMAN, NANCY HOLLANDER & THERESA M. DUNCAN, WHARTON'S CRIMINAL EVIDENCE § 16:26 (15th ed. 2020) (collecting cases). *See also Brodeur v. Champion*, 2019 WL 3854302, at *1 (D. Conn. Aug. 16, 2019) ("Demonstrative exhibits, and mannequins specifically, are often used as visual aids to help illustrate expert witness testimony.") (collecting cases). The Sixth Circuit has held that a trial court did not commit clear error when it admitted a mannequin dressed in the defendant's clothes to test the witness' ability to identify the robber they saw. *United States v. Cork*, 69 F. App'x 733, 739 (6th Cir. 2003). In another case, a mannequin was helpful because gun "trajectory testimony is technical, and the use of the mannequin will assist the jury in understanding it." *Jordan v. City of Chicago*, 2012 WL 254243, at *10 (N.D. Ill. Jan. 27, 2012). The opposing side was allowed to use the mannequin to discredit the offering expert's theory. *Id.*

---

[14] *Id.* at 3-4.

Here, Defendants' objections as to the mannequin's susceptibility to manipulation go to the weight, not the admissibility of the evidence. "[C]oncerns with the scale of the mannequin and the inconsistencies between the positioning of the mannequin and … testimony" can be explored through cross-examination. *Id.* Because the mannequin will help the jury understand technical testimony and information, it will be admitted (assuming a proper foundation is laid) with one limitation. Defendants request that the mannequin not be allowed to go to the jury room during deliberations "because this will clearly invite jury mischief."[15] Whitfield does not object to this request,[16] and the Court adopts it by agreement of the parties.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion *in limine* of plaintiff Arabia Whitfield to include demonstrative aid evidence (R. Doc. 177) is GRANTED, subject to a proper foundation being laid. By the parties' consent, the mannequin will not be allowed in the jury room during deliberations.

New Orleans, Louisiana, this 4th day of June, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[15] *Id.* at 4.
[16] R. Doc. 246 at 2.