UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARABIA WHITFIELD, *et al.*                         CIVIL ACTION

VERSUS                                             NO. 09-1877 c/w 09-8074
                                                   PERTAINS TO 09-1877
WARREN RILEY, *et al.*
                                                   SECTION M (2)

## ORDER & REASONS

Before the Court are plaintiff Arabia Whitfield's motion to take judicial notice of one part of the Department of Justice's March 16, 2011 report ("DOJ Report")[1] and motion *in limine* to admit the DOJ Report.[2] Defendants Warren Riley, Joseph Meisch, Daniel Scanlan, Greg Lapin, Steven Keller, Marcellus White, Julio Alonzo, Larisa Austin, Regina Barr, Colette Booth, and the City of New Orleans (collectively, "Defendants") oppose both motions.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying both motions.

**I.    BACKGROUND**

This case arises from the fatal police shooting of Adolph Grimes, III in the early-morning hours of January 1, 2009. Independent of this incident, on March 16, 2011, the United States Department of Justice, Civil Rights Division (the "DOJ") issued a report investigating the New Orleans Police Department ("NOPD").[4] The DOJ Report found "reasonable cause to believe that NOPD engages in patterns of misconduct that violate the Constitution and federal law."[5] In

---

[1] R. Doc. 173.
[2] R. Doc. 187.
[3] R. Docs. 207 & 208.
[4] R. Doc. 123-4.
[5] *Id.* at 7.

preparing the DOJ Report, the investigative team "gathered information through many interviews and meetings with NOPD officers, supervisors and command staff, as well as members of the public, City and State officials, and other community stakeholders."[6]  While it largely outlines facts and observations, the DOJ Report also draws conclusions based on these facts.  For instance, the DOJ states that "[a]lthough we are continuing to review the Department's data and practices regarding bias-based profiling, what we have found so far is strongly suggestive of differential enforcement for whites and African Americans, most clearly for New Orleans' youngest residents."[7]  The 158-page document covers a variety of widely disparate topics including, for example, the use of canines,[8] a protocol for handling domestic violence investigations,[9] and an analysis of the paid-detail system.[10]

Whitfield previously moved to take judicial notice of the entire DOJ Report[11] which this Court denied in its April 21, 2021 Order & Reasons.[12]  In these motions, Whitfield requests that the report be admitted into evidence and the Court take judicial notice of one discrete fact: "Of the 27 instances between January 2009 and May 2010 in which NOPD officers intentionally discharged their firearms at people, all 27 of the subjects of this deadly force were African American."[13]

## II.     PENDING MOTION

In her motion *in limine* to admit the DOJ Report, Whitfield argues that the report is relevant and highly probative as it relates to establishing the liability of the City of New Orleans for its

---

[6] *Id.* at 26.
[7] *Id.* at 66.
[8] *Id.* at 33-35.
[9] *Id.* at 77-78.
[10] *Id.* at 96-102.
[11] R. Doc. 123.
[12] R. Doc. 161.
[13] R. Doc. 173-1 at 6.

customs and policies under *Monell*.[14]  Further, she asserts that Grimes's death must have been evaluated in preparing the report.[15]  Whitfield states that the DOJ Report is immediately verifiable and self-authenticating because it is a publication issued by a public authority.[16]  Finally, Whitfield argues that the report does not contain hearsay because it constitutes an exception to hearsay as it is a statement of the declarant's then-existing mental, emotional, or physical condition, a recorded recollection, a record of a regularly conducted activity, or a public record.[17]  In opposition, Defendants argue that the DOJ Report is not relevant and would be unfairly prejudicial under Rule 403 of the Federal Rules of Evidence.[18]  They contend that Whitfield has not offered a witness who can authenticate the document and it constitutes hearsay and hearsay-within-hearsay.[19]  Defendants argue that the report must be excluded "because Plaintiff has not demonstrated that each part of the combined statements, hearsay within hearsay, conforms with an exception to the Rule against hearsay."[20]

In support of her motion to take judicial notice, Whitfield argues that the Fifth Circuit has held that publications of federal government agencies may be the subject of judicial notice.[21]  She contends that the particular sentence as to which she seeks judicial notice is a fact which must be accurate because it is based on NOPD reports and "it cannot reasonably be questioned that the DOJ misidentified the race of the individuals shot by NOPD Officers described in the reports from January 2009 – May" 2010.[22]  In opposition, Defendants argue that judicial notice is inappropriate because it would prevent them from offering their objection that the matters discussed in the

---

[14] R. Doc. 187-1 at 6-7.
[15] *Id.*
[16] *Id.* at 8.
[17] *Id.* at 8-10.
[18] R. Doc. 208 at 2.
[19] *Id.*
[20] *Id.*
[21] R. Doc. 173-1 at 5.
[22] *Id.* at 7.

generalized findings in the DOJ Report occurred in this case or are relevant to it.[23]  Defendants reassert the same objections they raise in opposition to the motion to admit the report and add that the particular sentence is not relevant because Whitfield has not alleged racial profiling or discriminatory treatment as a claim in this case.[24]

### III.    LAW & ANALYSIS

#### A.  The DOJ Report cannot be admitted into evidence.

The facts in the DOJ Report cannot be accurately and readily determined from named sources.  The DOJ's conclusions on the use of force are largely based on NOPD's self-reporting.[25]  It is "based almost entirely upon information provided by NOPD, primarily reports written by NOPD officers and ratified by NOPD supervisors.  We did not 'look behind' these materials by, for example, interviewing the individuals against whom force was used or the involved officers, or by reviewing primary source evidence such as audio or video recordings or other forensic evidence."[26]  In the report, the DOJ observes that the use of NOPD's own reporting as a source likely obfuscates the truth of each incident.[27]  Investigations into specific incidents were outside the bounds of the DOJ's goals in preparing the report.  The DOJ "did not conduct a criminal investigation, which requires the government to show guilt beyond a reasonable doubt, of any NOPD officer or any other person," and the report makes "no assertions regarding the culpability of any individual."[28]  With these express limitations and questions about its accuracy, the DOJ Report is not relevant because it will not make a fact more or less probable than it would be without the evidence under Rule 401.  Further, even if it was relevant, it would be excluded under Rule

---

[23] R. Doc. 207 at 2.
[24] *Id.* at 1, 3.
[25] R. Doc. 123-4 at 31 n.3.
[26] *Id.*
[27] *Id.*
[28] *Id.* at 7 n.1.

4

403 as it would confuse the issues and mislead the jury. The sources underlying the DOJ Report might provide the proper support for Whitfield's *Monell* claim if presented in a fashion to allow them to be tested in the adversarial process, but the DOJ Report, as a secondhand account, absent adequate corroborating support, would dangerously mislead the jury which could inappropriately rely on the DOJ's conclusions without having the benefit of weighing the sources it relied upon. As such, the probative value of the DOJ Report is also substantially outweighed by a danger of unfair prejudice.

> **B.   Judicial notice, even of the discrete sentence identified by Whitfield, is inappropriate.**
>
> A court may take judicial notice of a fact not subject to reasonable dispute when it:
>
> (1) is generally known within the trial court's territorial jurisdiction; or
>
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b). In a civil case, the effect of such declaration is that "the court must instruct the jury to accept the noticed fact as conclusive." *Id.* 201(f). "'[J]udicial notice applies to self-evident truths that no reasonable person could question, truisms that approach platitudes or banalities.'" *Wooden v. Mo. Pac. R.R. Co.*, 862 F.2d 560, 563 (5th Cir. 1989) (quoting *Hardy v. Johns-Mansville Sales Corp.*, 681 F.2d 334, 347 (5th Cir. 1982)). For example, judicial notice is proper to accept the heat index on a particular day, *Ball v. LeBlanc*, 792 F.3d 584, 591 (5th Cir. 2015), or an accounting firm's registration status available in the public records, *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 558 n.2 (5th Cir. 2018). Another district court recently refused to take judicial notice of a report on federal crime, including federal agency response letters, because "the matters asserted within them are not of the 'high degree of indisputability' that the Advisory Committee Notes to Rule 201 indicates 'is an essential prerequisite for a court

to take judicial notice of a particular fact.'" *Clark v. Wells Fargo Bank*, 2021 WL 1232785, at *8 (D. Ore. Mar. 31, 2021).

Here, Whitfield is asking the Court to take judicial notice of the content of one sentence of the DOJ Report, that is, of the truth of the facts asserted in the sentence. But there has been no showing of the requisite indisputability, even for the discrete sentence Whitfield has identified, and its mere status as a report of a federal agency is insufficient to overcome this evidentiary foundation. She cites to the *Ball* case to argue that "publications from agencies of the federal government may be taken judicial notice of."[29] However, the accuracy of a weather report, as in *Ball*, is quite different from a conclusion drawn in an extensive investigative report that itself questions the reliability of its own sources. Whitfield's unsupported assertion that the conclusion cannot be questioned does not rise to the level of indisputability required to warrant judicial notice.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion of plaintiff Arabia Whitfield, individually and on behalf of her minor son, to take judicial notice of one part of the Department of Justice's March 16, 2011 report (R. Doc. 173) and the motion *in limine* to admit the DOJ Report (R. Doc. 187) are DENIED.

New Orleans, Louisiana, this 9th day of June, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[29] R. Doc. 173-1 at 5 (emphasis omitted).