UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARABIA WHITFIELD, *et al.*　　　　　　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　　　NO. 09-1877 c/w 09-8074
　　　　　　　　　　　　　　　　　　　　　　　PERTAINS TO 09-1877
WARREN RILEY, *et al.*

　　　　　　　　　　　　　　　　　　　　　　　SECTION M (2)

**ORDER & REASONS**

　　Before the Court is the motion *in limine* of plaintiff Arabia Whitfield to admit the 2016 department of police interoffice correspondence by Paul M. Noel.[1] Defendants Warren Riley, Joseph Meisch, Daniel Scanlan, Greg Lapin, Steven Keller, Marcellus White, Julio Alonzo, Larisa Austin, Regina Barr, Colette Booth, and the City of New Orleans (collectively, the "Defendants") oppose the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

　　This case arises from the fatal police shooting of Adolph Grimes, III in the early-morning hours of January 1, 2009. On May 31, 2016, Paul Noel, in his capacity as the chief of operations of the New Orleans Police Department ("NOPD"), wrote a memorandum outlining his suggestion for an armed robbery abatement strategy.[3] Noel recommended a four-pronged approach utilizing an investigative team, a plain clothes team, a tactical team, and support liaisons.[4] The plain clothes team was intended to work in conjunction with the other teams to covertly "observe suspicious activity, persons or vehicles."[5] Noel recommended that they "should contact uniform officers to

---

[1] R. Doc. 168.
[2] R. Doc. 204.
[3] R. Doc. 204-1.
[4] *Id.* at 2.
[5] *Id.*

conduct all investigatory stops. They should not engage suspects unless it is an emergency and only as a last resort."[6]

In support of her motion, Whitfield states that the memorandum is relevant because it shows that the shooting of Grimes was foreseeable as there was a "deficiency in NOPD's policy."[7] Further she says that the memorandum is germane because it shows that in 2016, the NOPD still "failed to train their officers on approaching citizens and calling for tactical officers to approach citizens."[8] Ultimately, she argues, it is helpful to the jury because it "outlines what the plain clothes officers should have done and how this shooting could have been prevented."[9] Alternatively, Whitfield argues that the memorandum is admissible under Rule 803 as the record of a regularly conducted activity.[10] And Whitfield argues that the memorandum cannot be excluded as a subsequent remedial measure under Rule 407 of the Federal Rules of Evidence because Noel's recommended policies were never adopted by the NOPD.[11]

In opposition, Defendants note that Whitfield failed to attach the memorandum in question to her motion which "allows Plaintiff to mischaracterize the document."[12] Substantively, Defendants argue that the memorandum is inadmissible because Defendants cannot lay a foundation for its admission at trial and it constitutes hearsay.[13] Defendants contend that the memorandum is not relevant because it is a recommended tactical strategy to combat armed robbery and it was created seven years after the incident.[14] Finally, they argue that the memorandum is inadmissible under Rule 407 because it is a subsequent remedial measure and

---

[6] *Id.*
[7] R. Doc. 168-1 at 5, 7-8.
[8] *Id.* at 8.
[9] *Id.* at 11.
[10] *Id.*
[11] *Id.* at 3-5.
[12] R. Doc. 204 at 1.
[13] *Id.* at 2-3.
[14] *Id.* at 3-5.

"nothing will discourage development of policy more than allowing internal discussions and the first drafts of policy to become trial materials."[15]

Rule 401 of the Federal Rules of Evidence states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Here, Whitfield has not shown that the memorandum is relevant to the case. To establish a claim under 42 U.S.C. § 1983 against a local government, the plaintiff must show that action pursuant to an official policy caused their injury. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61. It defies logic to suggest that a policy recommended seven years after the shooting makes it more or less probable that there was an official municipal policy in place in 2009 that caused Grimes's death. The memorandum concerns a proposed armed robbery strategy – a strategy neither conceived of nor acted upon on the night of the incident. Nor does either party argue that the incident involved an armed robbery. Therefore, the memorandum should be excluded as irrelevant.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion *in limine* of plaintiff Arabia Whitfield to admit the 2016 department of police interoffice correspondence by Paul M. Noel (R. Doc. 168) is DENIED.

New Orleans, Louisiana, this 9th day of June, 2021.

                                                      BARRY W. ASHE
                                                      UNITED STATES DISTRICT JUDGE

---

[15] *Id.* at 5.