UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARABIA WHITFIELD, *et al.* | CIVIL ACTION |
| VERSUS | NO. 09-1877 c/w 09-8074 |
| WARREN RILEY, *et al.* | PERTAINS TO 09-1877 |
| | SECTION M (2) |

### ORDER & REASONS

Before the Court is the motion of plaintiff Arabia Whitfield to allow the golden rule to be argued regarding liability.[1] Defendants Warren Riley, Joseph Meisch, Daniel Scanlan, Greg Lapin, Steven Keller, Marcellus White, Julio Alonzo, Larisa Austin, Regina Barr, Colette Booth, and the City of New Orleans (together, "Defendants") oppose the motion.[2] Whitfield replies in further support of her motion.[3]

This case arises from the fatal police shooting of Adolph Grimes, III in the early-morning hours of January 1, 2009. In her motion, Whitfield argues that in federal jury trials applying Louisiana law, "The Golden Rule Argument" can be used in arguing liability, even if not damages.[4] She defines the argument as one in which the jury is asked to place itself in a party's shoes.[5] Whitfield argues that such rhetoric is proper as long as it is "directed to the reasonableness of some action taken by the plaintiff rather than directed to the issue of damages."[6]

In opposition, Defendants argue that the motion is premature because Whitfield does not give any context for how the argument will be used.[7] Defendants characterize the request as no

---

[1] R. Doc. 167.
[2] R. Doc. 203.
[3] R. Doc. 236.
[4] R. Doc. 167-1 at 1-2.
[5] *Id.* at 2.
[6] *Id.* at 3 (quoting *Duerden v. PBR Offshore Marine Corp.*, 471 So. 2d 1111, 1114 (La. App. 1985)).
[7] R. Doc. 203 at 1.

more than an abstract idea that might "in fact [be] an abject appeal to anti-police or racial bias intended to inflame the passions of the jury."[8]

In her reply, Whitfield argues that the motion is not premature and "Plaintiff should not be compelled to provide the statement to be used at trial as Defendants seek to force Plaintiff to divulge their [*sic*] trial strategy."[9]  She contends that she will only make arguments allowed by the jurisprudence and Defendants retain the opportunity to object at the time the arguments are made.[10]  If improper statements are made before the jury, Whitfield argues that the prejudice can be cured by sustaining Defendants' objections and issuing a jury instruction.[11]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons.

IT IS ORDERED that the motion is DEFERRED until the trial of this matter.  The Court cannot rule on this motion in a vacuum without the benefit of what Whitfield intends to argue.  Rather than prejudge whether the argument is proper without the benefit of context, the Court will rule on specific objections to such arguments as raised at trial.

New Orleans, Louisiana, this 10th day of June, 2021.

*[signature]*
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[8] *Id.* at 2.
[9] R. Doc. 236 at 3.
[10] *Id.* at 2.
[11] *Id.*