UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARABIA WHITFIELD, *et al.*   CIVIL ACTION

VERSUS   NO. 09-1877 c/w 09-8074
   PERTAINS TO 09-1877
WARREN RILEY, *et al.*

   SECTION M (2)

**<u>ORDER & REASONS</u>**

Before the Court is the motion *in limine* of plaintiff Arabia Whitfield to admit safety rules of law enforcement.[1] Defendants Warren Riley, Joseph Meisch, Daniel Scanlan, Greg Lapin, Steven Keller, Marcellus White, Julio Alonzo, Larisa Austin, Regina Barr, Colette Booth, and the City of New Orleans (collectively, "Defendants") oppose the motion.[2] Whitfield replies in further support of her motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons.

**I.   BACKGROUND**

This case arises from the fatal police shooting of Adolph Grimes, III in the early-morning hours of January 1, 2009. At the time of the incident, the New Orleans Police Department ("NOPD") included a regulation in their operations manual covering traffic stops.[4] The purpose of the policy was "to set forth guidelines for conducting traffic stops by commissioned members of the" NOPD.[5] Various officer-defendants have not contested the authenticity of the manual or

---

[1] R. Doc. 189.
[2] R. Docs. 221.
[3] R. Doc. 248.
[4] R. Doc. 189-6 at 1.
[5] *Id.*

whether the guidelines were in effect on the date of the shooting.[6]  Whitfield seeks to admit selective portions of the manual in the following repackaged format:

> POLICE SAFETY RULE NO. 1: "Whenever possible, non-uniformed officers shall request assistance from a uniformed officer with a marked unit prior to conducting a stop."
>
> POLICE SAFETY RULE NO. 2: "Non-uniformed officers conducting traffic stops shall conspicuously display their Department credentials to the vehicle occupants and announce that they are police officers."
>
> POLICE SAFETY RULE NO. 3: "All police vehicles used to conduct vehicle stops will be equipped with operable, emergency lights and sirens."
>
> POLICE SAFETY RULE NO. 4: "When conducting a traffic stop, officers shall use high beams, flashing overhead lights, takedown lights, flashers, and spotlights when applicable."[7]

Defendants do not oppose the introduction of Rules One and Three so they will be admitted by consent of the parties.[8]  This Order & Reasons analyzes the contested admission of Rules Two and Four.

## II.    PENDING MOTION

In her motion, Whitfield argues that the rules are relevant and probative as they help to establish foreseeability and causation.[9]  She contends that the rules imply "an understanding of police instructors and policymakers alike that injuries to either officers or the public would occur if they were not followed."[10]  Ultimately, Whitfield argues that the safety rules are relevant to determine (1) "which, whether any or all, of the defendants' conduct in question was a substantial factor in bringing about the harm complained of by Plaintiff" and (2) "whether a policy or custom

---

[6] R. Docs. 189-1 at 7-8; 189-4 at 5-7; 189-5 at 4-7; 189-7 at 3-5; 189-8 at 4-8; 189-9 at 5-8, 10; 189-10 at 4-5; 189-11 at 4-7; 189-12 at 3-5; 189-13 at 3-5; 189-14 at 3-7; 189-15 at 4-7, 9-12; 189-16 at 4-6.
[7] R. Docs. 189-1 at 6 (citations omitted); 189-6.  In this Order & Reasons, the rules will be referred to hereafter as "Rule One," "Rule Two," and so on, respectively.
[8] R. Doc. 221 at 2.
[9] R. Doc. 189-1 at 7.
[10] *Id.*

2

of ignoring or otherwise not following the black-letter policy was in place and was the moving force behind" Grimes's alleged constitutional injury.[11] Finally, Whitfield claims that the use of the term "safety rule" is proper and not prejudicial.[12]

In their opposition, Defendants argue that the rules are not relevant because the officers did not conduct a traffic stop on the night of the shooting.[13] Defendants note that Whitfield admits Grimes was seated in his parked vehicle at the time of the incident.[14] Accordingly, Defendants say that the reliance on a traffic-stop policy will only confuse the jury.[15] In the alternative, Defendants argue that the rules should be excluded under Rule 403 to prevent the danger of misleading the jury.[16]

In her reply, Whitfield notes that in the pretrial order Defendants listed the NOPD manual as an exhibit they wished to use at trial.[17] She explains that "[i]t is untenable for the basis of the stop to have been for any reason besides the description of the car. Thus, it was the vehicle that [the officer] sought to stop, not any particular person within it."[18] Alternatively, she argues that the policy is meant to cover a broader array of circumstances beyond a car being pulled over.[19] In the end, Whitfield "does not seek in her Motion to have this court make a legal determination regarding the nature of the investigation or stop of Grimes' vehicle," but argues that the Defendants' contention that the policy is not relevant is based on "an erroneous reading and interpretation of" the policy.[20]

---

[11] *Id.* (citation and quotation marks omitted).
[12] *Id.* at 8-9.
[13] R. Doc. 221 at 2.
[14] *Id.* at 3.
[15] *Id.* at 2.
[16] *Id.* at 3-4.
[17] R. Doc. 248 at 1. At the May 18, 2021 status conference, the parties agreed to file an amended pretrial order. R. Doc. 199.
[18] R. Doc. 248 at 7.
[19] *Id.* at 8.
[20] *Id.* at 9.

### III.  LAW & ANALYSIS

Rule 401 of the Federal Rules of Evidence states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "Irrelevant evidence is not admissible." Fed. R. Evid. 402.  Rule 403 states that a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury." Here, Defendants' previously submitted pretrial order states that "Defendants may or will introduce the following exhibits into evidence at trial: … NOPD Operations Manual in effect in 2009, including, but not limited to, Use of Force and Traffic Stop Chapters … ."[21]  R. Doc. 184 at 34.  Because Whitfield's safety rules are derived from an exhibit Defendants intend to introduce at trial, it is only fair that the rules she seeks to use be admitted in their entirety.  Of course, Defendants can employ countervailing evidence and cross-examination to attack, among other things, the applicability of such rules to the incident.

### IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion *in limine* of plaintiff Arabia Whitfield to admit safety rules of law enforcement (R. Doc. 189) is GRANTED.

New Orleans, Louisiana, this 15th day of June, 2021.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE

---

[21] R. Doc. 184 at 34.