UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARABIA WHITFIELD individually and on Behalf of her minor child CHRISTOPHER GRIMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-1877** |
| **WARREN RILEY,  ET AL** | **SECTION M (2)** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE WRITTEN SETTLEMENT AND STATUTORY PENALTIES, ATTORNEY FEES, AND COSTS FOR FAILURE TO PAY SETTLEMENT**</u>

**ON MOTION** of Plaintiff, **ARABIA WHITFIELD individually and on Behalf of her minor child CHRISTOPHER GRIMES** who respectfully represents:

1.

Made defendant herein is **THE CITY OF NEW ORLEANS, defendant** who is self-insured for the claims of plaintiffs in this lawsuit and liable jointly and insolido.

2.

Plaintiff filed Petition for Damages, naming the above defendants including **The City of New Orleans.**

3.

Defendant is indebted unto the Plaintiff .

4.

On July 1, 2021, plaintiff, Arabia Whitfield individually and on behalf of her minor son C.G., and the defendants City of New Orleans agreed to settle the claims referenced hereinabove, which settlement was reduced to writing. (See minute entry Exhibit A) The settlement was read into the record in open court and transcribed in open court.  (See transcript filed under seal Exhibit B) Said written agreement was prepared by Michael Laughlin City Attorney for

defendants dated August 5, 2021, including the defendants including The City of New Orleans and is attached hereto and made part of as Exhibit C. and filed herein under seal. (See Exhibit C filed under seal herein.)

5.

Petitioner wrote to defendant The City of New Orleans on October 29, 2021, by email and fax and certified mail. (Exhibit D, attached herein, filed under seal).

6.

Plaintiffs received a phone call stating the check was not issued despite repeated requests from the City Attorneys and Plaintiffs received a follow-up written response by email on October 29, 2021, from City Attorney Churita Hansell stating the department of finance of the City of New Orleans had not sent the requested check for the settlement due on or before October 31, 2021, and is now past due. (See Exhibit E attached hereto, filed under seal). On information and belief, the City of New Orleans has a custom and practice of not paying its lawsuits and judgments timely.

7.

The first partial payment is past due as per Exhibit B, and Exhibit C. Due to the default of the defendants City of New Orleans to pay the settlement as per the written settlement agreement. Plaintiffs followed up with Defendants' counsel on the morning of November 1, 2021 and were advised that no check had been issued and no further information was known at this time.

8.

Petitioner prays for the amounts due as per Exhibit C on October 31, 2021 plus **statutory penalties of two times the damages sustained or $5000, whichever is greater**, **plus attorney fees and costs.**

9.

Louisiana Civil Code article 3071 provides:

> A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
>
> This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.

10.

More than 30 days have passed since the settlement agreement was reduced to writing and the Defendants have failed to pay and/or timely pay the agreed upon settlement. Payment was due on October 31, 2021, and is now past due.

11.

LA.REV.STAT. ANN. § 22:1973 (formerly 22:1220) provides, in pertinent part:

> A. "An insurer owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

    B.  Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A.

....

    **(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.**

    C.  In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, **the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.** Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings. (Emphasis added) "

12.

Accordingly, each of the Plaintiffs is entitled to the settlement funds agreed upon as well as additional penalties and attorneys' fees and legal interest including legal interest on the attorney's fees and costs in accordance with Louisiana R.S. 22:1892 *et seq* (formerly 22:658) and 22:1973 *et seq* (formerly 22:1220) and other laws granting equitable relief. Sultana Corp. v. Jewelers Mut. Ins. Co., 860 So.2d 1112 (La. 2003); Young v. Jack in the Box, Inc., 929 So.2d 855 (La. App. 3rd Cir. 2006); Broussard v. Lafayette Parish School Board, 939 So.2d 662 (La. App. 3rd Cir. 2006); Guilbeau v. Ramsey, 870 So.2d 565 (La. App. 3d Cir. 2004).

13.

Proof of actual damages is not required for the imposition of the statutory penalties and attorneys' fees under R.S. 22:1892 and 22:1973. Sultana Corp. v. Jewelers Mut. Ins. Co., 860 So. 2d 1112 (La 2003); Reiners v. St. Landry Hospital Service District Two, 958So. 2d 783 (La. App. 3rd Cir. 2007).

**WHEREFORE**, Plaintiff prays that a hearing be set for defendant City of New Orleans to show cause why there should not be judgment rendered herein against defendant, in favor of each of the Plaintiffs, for payment of the settlement funds plus penalties and attorneys' fees, together with legal interest including legal interest on the attorneys' fees and for all costs of these proceedings.

**PLAINTIFFS PRAY FURTHER** for full, general and equitable relief, including statutory penalties, attorney fees and costs.

    Respectfully Submitted,

*/s/Glenn C. McGovern*
Glenn C. McGovern (LBA #9321)
Callan J. Johns (LBA #38788)
Peyton M. Bowman (LBA #38679)
Mailing Address:
P.O. Box 516
Metairie, LA 70004-0516
Physical Address:
2901 Division Street, Suite 201
Metairie, LA 70002
Telephone: 504.456.3610
Facsimile: 504.456.3611
E-mail: glenn@glennmcgovern.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE AND OPPOSITION

I do hereby certify that a copy of the foregoing Plaintiff's Motion to Enforce Settlement and for penalties, attorney fees and costs IS OPPOSED and has been electronically filed with the Clerk of Court using the ECF system which sent notification to all counsel of record who are ECF users on this 1st day of November 2021.

    */s/Glenn C. McGovern*
    Glenn C. McGovern